# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs March 12, 2014

## STATE OF TENNESSEE v. KEVIN LEE JOHNSON

**Appeal from the Circuit Court for Bedford County**
**Nos. 17610, 17503      Franklin L. Russell, Judge**

---

## No. M2013-01842-CCA-R3-CD - Filed April 7, 2014

---

The defendant was convicted of being a habitual motor vehicle offender, driving under the influence, and failure to appear and was sentenced to an effective term of nine years and six months. On appeal, the defendant argues that the trial court abused its discretion in imposing the sentence because it is excessive and contrary to law. After reviewing the record, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Kristin B. Green, Shelbyville, Tennessee, for the appellant, Kevin Lee Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Robert Carter, District Attorney General; and Andrew Lee Wright and Richard Aron Cawley, Assistant District Attorney Generals, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

On March 7, 2013, the defendant entered an open guilty plea to the charges of being a motor vehicle habitual offender ("MVHO"), a Class E felony, driving under the influence ("DUI") first offense, a Class A misdemeanor, and failure to appear in court, a Class E felony. The trial court sentenced the defendant as a Range II offender to serve three years and six months for the MVHO offense, eleven months and twenty-nine days for the DUI offense, to be served concurrently with the MVHO sentence, and six years for the failure to

appear to be served consecutively to the MVHO and DUI sentences, for an effective sentence of nine years and six months.

At the guilty plea hearing, the State offered a summary of the evidence it would use against the defendant in a trial. On January 17, 2012, Deputy Monte Moore of the Bedford County Sheriff's Department responded to a report of a suspicious vehicle. When he arrived on the scene, Deputy Moore discovered the defendant "passed out" in the driver's seat of a white Chevrolet Impala parked just off the roadway. Deputy Moore observed that the defendant was in physical control of the vehicle, as the keys were in the ignition, the vehicle was on, and the defendant had his foot on the brake.

Deputy Moore suspected that the defendant was intoxicated and asked the defendant to perform field sobriety tests. After the defendant performed poorly, Deputy Moore arrested the defendant. The defendant refused to consent to a blood or breath test. Deputy Moore then discovered that the defendant had his driver's license revoked in 2005 when the Marshall County Circuit Court declared him a habitual motor vehicle offender.

The defendant had a pre-trial motion hearing date of February 15, 2013, for the charges of DUI and being a habitual motor vehicle offender. The defendant did not appear in court at this time, and the State had a number of witnesses it could call to verify the defendant's absence.

At the conclusion of the State's proof, the defendant stated that he was not driving when he was arrested as a habitual motor vehicle offender and for DUI. He then announced that his plea was a best-interest plea.

At the sentencing hearing, the trial court considered the voluminous criminal history of the defendant when determining his sentencing ranges and any enhancement factors that applied. The defendant had convictions for domestic assault, reckless endangerment, resisting arrest, a second violation of the MVHO law, and theft, in 2012 in Marshall County. These convictions occurred after he was charged with MVHO in Benton County, but before he was charged with failure to appear. As a result, the trial court did not consider these offense in determining the defendant's offender status for the MVHO conviction. From 2003 to 2006 the defendant was convicted of: a second felony for failure to appear, simple assault, resisting arrest, two felony convictions for forgery, resisting arrest, flight to avoid prosecution, two convictions for driving with a revoked license, a third felony conviction for failure to appear, two convictions for criminal impersonation, misdemeanor vandalism, felony vandalism, five misdemeanor thefts, underage consumption of alcohol, underage possession of alcohol, and driving under the influence. The defendant also violated his probation four different times.

The trial court determined that the defendant was a Range II offender as to the MVHO charge based on two felony forgery charges from 2006 with a sentencing range of two to four years. The court found that several enhancement factors applied to the defendant. Under enhancement factor number one, which takes into consideration the defendant's prior history of criminal convictions, the court found that the defendant had two felony convictions for failure to appear and a felony conviction for vandalism. Under enhancement factor number eight, which takes into consideration the defendant's failure to comply with the conditions of a sentence involving release into the community, the court found that the defendant had repeatedly violated his probation. The trial court considered but rejected the defendant's mitigating evidence under mitigating factors numbers three and eight. The defendant asked the trial court to consider as a mitigating factor that substantial grounds existed that tended to excuse or justify the defendant's criminal conduct in that the defendant was operating the vehicle in order to keep another more intoxicated individual from driving, a course of action the defendant felt was "the safer and more responsible thing to do." He also asked the trial court to consider mitigating factor number eight, that he suffered from a mental condition that significantly reduced his culpability for the offense, because he had been diagnosed with bipolar disorder as a child but had not received treatment, along with untreated alcoholism and substance abuse struggles. The court considered this evidence but declined to apply the factors. The trial court noted that there were no grounds to excuse or justify the defendant's conduct because the defendant entered a best-interest plea "and he still, kind of, claims that someone else was driving." The trial court also found that the defendant's bipolar disorder did not "at any time contribute[] to the fact that he was committing these particular crimes." After applying the enhancement factors, the court sentenced the defendant to a three years and six month period of incarceration. Based upon his prior criminal history, the trial court also enhanced the defendant's DUI sentence to eleven months and twenty-nine days, to be served concurrently with his MVHO sentence.

The trial court found that the defendant was a Range IV career offender as to the failure to appear based on the same felony convictions considered for the MVHO conviction, in addition to his current MVHO conviction and a felony conviction for theft. The court sentenced the defendant to serve a six-year sentence on the failure to appear conviction. Because the defendant committed the felony offense of failure to appear while released on bail for the MVHO charge the trial court ordered the sentences to be served consecutively. The defendant received an effective sentence of nine years and six months.

**ANALYSIS**

The defendant argues that the trial court abused its discretion when it imposed an effective sentence of nine years and six months. Specifically, the defendant claims that the

sentence is excessive and contrary to the law.

This court reviews challenges to the length of a sentence under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentences that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). A sentence should be upheld "so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." *Id.* at 706. After the 2005 amendments to the Sentencing Act, trial courts are "guided by—but not bound by—any applicable enhancement or mitigating factors when adjusting the length of the sentence." *Id.* Even if a trial court misapplies an enhancement or mitigating factor, this court will not invalidate the sentence "unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Id.* The court should uphold a sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed in the statute." *Id.* at 709-10. In that situation this court may not modify a sentence "even if we would have preferred a different result." *State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The defendant bears the burden of proving that the sentence was improper. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

At sentencing, the parties agreed that the defendant was a Range II offender in regards to the HMVO conviction and a Range IV offender as to the conviction for failure to appear. The parties further agreed that the sentence for failure to appear would be served consecutively to the sentences for HMVO and DUI pursuant to Tennessee Rule of Criminal Procedure 32(c)(3)(C), which states that when a defendant is convicted of multiple offenses from one trial and the law requires consecutive sentences, the sentence shall be consecutive to a sentence for a felony committed while the defendant was released on bail and the defendant was convicted of both offenses. In this case, the defendant was convicted of the Class E felony of being a habitual motor vehicle offender and the Class E felony of failure to appear.

The appropriate sentence range for a Range II offender convicted of a Class E felony is two to four years, and the appropriate range for a Class E felony conviction for a Range IV offender is six years. Here, the trial court sentenced the defendant to serve three years and six months as a Range II offender for his HMVO conviction, and six years as a Range IV offender for his failure to appear conviction. The trial court considered the defendant's prior criminal history and repeated probation violations as enhancement factors. The sentences that the defendant received were both within the applicable range for an offender of his status convicted of a Class E felony. Thus, we conclude that the trial court did not abuse its discretion in its sentencing of the defendant.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE